```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA  :

                              :

    v.                        :  Criminal No. DKC 13-204-4
                                Rel. Civil Action DKC 16-2393

                              :

JAMAR HOLT  :

                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are five motions filed by Defendant Jamar Holt: one for Leave to File an Amended Motion to Vacate Conviction and Sentence under U.S.C. § 2255, one for Leave to File Supplemental Information, one for Appointment of Counsel, and two for Expedited Review. (ECF Nos. 236; 240; 259; 275; 277). For the following reasons, the motions will be denied.

**I.   Background**

Jamar Holt pled guilty to two counts of a seven count Third Superseding Indictment pursuant to a plea agreement under Fed.R.Crim.P 11(c)(1)(C). He was convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin and money laundering. He also admitted to violating the conditions of supervised release. The parties agreed to an aggregate sentence of 240 months, concurrent with a state sentence. He was sentenced

on July 14, and the judgment was entered on July 15, 2014.  He did not appeal.

On June 27, 2016, the court received his first Motion to Vacate under 28 U.S.C. § 2255, signed on June 20. (ECF No. 176). On January 13, 2020, the court denied that motion. (ECF Nos. 226; 227).  That motion and supplement alleged an improper application of the career-offender guidelines.  Mr. Holt noted an appeal on February 12, 2020. (ECF No. 231).  The appeal was later withdrawn and dismissed.  (ECF Nos. 234; 241).  However, on February 26, 2020, while the appeal was still pending, he filed a Motion for Leave to File an Amended Motion to Vacate (dated February 18, 2020).  (ECF No. 236).[1]

On March 30, 2020, the court received a notice from Mr. Holt that he was still in the process of preparing additional supplemental information and he requested deferral for 14 days. On April 20, 2020, he filed a Motion for Leave to File Supplemental Information.  (ECF No. 240).[2]  In November 2020, he filed a Motion

---

[1] A document docketed as a supplement at ECF No. 237 is a duplicate of ECF No. 236.  Each was mailed to a different courthouse.

[2] In addition to the § 2255 motions, Mr. Holt filed both an initial motion for compassionate release, (ECF No. 247), supplemented and reviewed by the Public Defender, and denied on February 16, 2021, (ECF No. 262), and a second motion for compassionate release on August 13, 2021, (ECF No. 270).  The latter is resolved in a separate memorandum.

for the Appointment of Counsel (new evidence of conflict).  (ECF No. 259).[3]

## II. Analysis

Under the Federal Rules of Civil Procedure, a post-judgment motion to amend may be considered, but only if the judgment is vacated pursuant to Rule 59(e) or 60(b).  *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).  The Fourth Circuit later clarified the meaning of that holding:

> In *Laber v. Harvey,* 438 F.3d 404, 427 (4th Cir. 2006) (en banc), we explained that a district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed.R.Civ.P. 59(e) or 60(b). To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards.  The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed.R.Civ.P. 15(a).  In other words, a court should evaluate a postjudgment motion to amend the complaint "under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Laber,* 438 F.3d at 427; *accord Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.,* 576 F.3d 172, 193 (4th Cir. 2009).  Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules."  *United States ex rel. Wilson v.*

---

[3] Further subsidiary Motions to Expedite Review of the Motions for Leave to File an Amended Motion to Vacate and for Leave to File Supplemental Information followed.  (ECF Nos. 276; 277).

3

>     *Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376
>     (4th Cir. 2008) (internal quotation marks
>     omitted).

*Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470-71 (4th Cir. 2011) (footnotes omitted). This procedure applies to motions pursuant to 28 U.S.C. § 2255. *See, e.g., United States v. Shabazz*, 509 F.App'x 265, 266 (4th Cir. 2013).

Amendment, of course, is not automatic.

>     Rule 15(a) provides, "A party may amend the
>     party's pleading once as a matter of course at
>     any time before a responsive pleading is
>     served . . . . Otherwise a party may amend
>     the party's pleading only by leave of court or
>     by written consent of the adverse party; and
>     leave shall be freely given when justice so
>     requires." Under Rule 15(a) leave to amend
>     shall be given freely, absent bad faith, undue
>     prejudice to the opposing party, or futility
>     of amendment. *See Foman v. Davis*, 371 U.S.
>     178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962);
>     *Davis v. Piper Aircraft Corp.*, 615 F.2d 606,
>     613 (4th Cir. 1980); *see also Perkins v.
>     Silverstein*, 939 F.2d 463, 471-72 (7th Cir.
>     1991) (plaintiff's right to amend as a matter
>     of course is not absolute). Where the statute
>     of limitations bars a cause of action,
>     amendment may be futile and therefore can be
>     denied. *See, e.g., Keller v. Prince George's
>     County*, 923 F.2d 30, 33 (4th Cir. 1991); *accord
>     Jablonski v. Pan Am. World Airways, Inc.*, 863
>     F.2d 289, 292 (3d Cir. 1988).

*United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

There is a one-year statute of limitations that applies to motions under § 2255. The beginning date of the limitations period is either the finality of the judgment, or, if applicable, the date the right asserted was recognized by the Supreme Court, or

4

the date on which facts supporting the claim could have been discovered through the exercise of due diligence. If the motion to add the new claims is beyond the applicable statute of limitations, a party may rely on the relation back principle:

> When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances. Relation back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading." Fed.R.Civ.P. 15(c)(2). [ . . . ] In *United States v. Craycraft*, a defendant filed a timely § 2255 motion alleging ineffective assistance of counsel for failure to pursue a downward departure and for failure to object to the type of drugs at issue. 167 F.3d 451, 456–57 (8th Cir. 1999). In his proposed amendment, the defendant sought to add a claim that his counsel failed to file an appeal as instructed. The Eighth Circuit found that the proposed amendment did not relate back and therefore was time-barred. *Id*. at 457. In *United States v. Duffus*, a defendant asserted several ineffective assistance of counsel claims in his original motion, and the amended claim alleged his counsel failed to move to suppress evidence. 174 F.3d at 335. The Third Circuit found that the amended claim was completely new, and thus "could not be deemed timely under the 'relation back' provisions of Fed.R.Civ.P. 15(c)." *Id*. at 337.

*Pittman*, 209 F.3d at 317 (footnote omitted).

Mr. Holt filed only a motion to amend and a motion to supplement. He did not file a motion to vacate the denial of his § 2255 motion at all, either under Fed.R.Civ.P. 59 (which applies

to a motion filed within 28 days) or under Fed.R.Civ.P. 60 (which applies thereafter).  For that reason alone, the motions can be denied.  Even if Mr. Holt had properly sought to vacate the denial of his initial § 2255 motion, however, the motion for leave to amend and the supplemental motion to amend would be denied because the amendments would be futile.

### A. Motion for Leave to File an Amended Motion to Vacate

Mr. Holt's Motion for Leave to File an Amended Motion to Vacate reports that his retained counsel failed to include an issue in his § 2255 motion, namely ineffective assistance of counsel by his former retained counsel, and that he seeks leave to amend the already denied motion as a result.  He contends that the disposition of the § 2255 motion would have been different if the omitted issue had been included.  The new issues Mr. Holt seeks to raise in his first motion to amend are beyond the statute of limitations and don't relate back.

The judgment of conviction became final on June 29, 2014, when the time for noting an appeal expired.  The one-year statute of limitations expired, then, on June 29, 2015.  Mr. Holt signed the motion to vacate on June 20, 2016 (it was received June 27), more than a year later, but he asserted timeliness due to *Johnson v. United States,* 135 S.Ct. 2551 (2015), a decision he claimed

6

recognized a new right.[4]  Thus, the claims Mr. Holt seeks to add now are asserted after the limitations period has run and must relate back to be timely.  In other words, the proposed new claims must arise out of the conduct, transaction, or occurrence in the original motion.  They do not.  The original motion dealt only with the career offender designation at sentencing based on *Johnson*.  The proposed amended motion raises ineffective assistance of counsel claims, not based on *Johnson*, but on *Strickland v. Washington*, 466 U.S. 668 (1984).

The first amendment would add the following: "Whether Petitioner was denied effective assistance of counsel during the plea and sentencing stages because then counsel failed to challenge erroneous information."  Mr. Holt faults prior counsel for not making a mitigation argument or challenging a prior conviction as a predicate for career offender status.  Essentially, he faults counsel for not making arguments that he earlier said were newly recognized based on *Johnson*, a new Supreme Court decision.

The second amendment would add: "Whether the Court sentenced Petitioner based on false and inaccurate information."  Mr. Holt contends that his sentence was illegally based on false and inaccurate information, but the underlying basis for this claim is

---

[4] The Fourth Circuit denied his motion for authorization to file a second or successive motion as unnecessary, but noted that the one year limitations period for filing a claim relying on *Johnson* would expire on June 26, 2016.

7

the same as in Mr. Holt's original § 2255 complaint, namely that the prior conspiracy conviction should not have served as a basis for career offender status.

Neither of these new claims of ineffective assistance of counsel is timely, and neither would have been even if raised in June 2016. Only claims based on *Johnson* itself were timely in the initial motion. It would be illogical to allow unmeritorious claims under *Johnson* to serve as a basis for bringing untimely ineffective representation claims. Accordingly, the first request to amend will be denied as futile.

> B.   **Motion for Leave to File Supplemental Information**

Mr. Holt's later Supplemental Motion, (ECF No. 240), seeks to add two more, unrelated, claims of ineffective representation: (1) due to an actual conflict of interest, and (2) due to failure to file a direct appeal. Although styled as two separate claims, Mr. Holt argues that the failure to appeal was caused by his attorney's alleged conflict of interest so it rises and falls with the conflict claim.

Neither of these issues arises from the same operative facts as the initial motion and neither relates to *Johnson*. In this instance, however, Mr. Holt asserts timeliness under § 2255(f)(4), which permits bringing a claim within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." He

8

asserts that the revelation of his prior counsel's prosecution in September 2019 was the triggering event.

Mr. Holt has not, however, set forth an adequate claim. (His reliance on the "discovery" rule therefore appears simply to be an attempt to avoid the bar against filing a second or successive motion.)

> In order to establish constitutionally deficient performance on the basis of an alleged conflict of interest, a defendant [. . .] who has raised no objection at trial, must establish that (1) "an actual conflict of interest" (2) "adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). An actual conflict, which requires a defendant to show that his counsel "actively represented conflicting interests," is the "constitutional predicate" for an ineffective assistance claim. *Id*. at 350, 100 S.Ct. 1708. Because "a possible conflict inheres in almost every instance of multiple representation," *id*. at 348, 100 S.Ct. 1708, the mere "possibility of conflict is insufficient to impugn a criminal conviction," *id*. at 350, 100 S.Ct. 1708.
>
> But even when an "actual conflict" is shown, "an adverse effect is not presumed." *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007) ("*Nicholson I*"). Instead, the defendant must separately prove that the conflict adversely affected his counsel's performance by satisfying the three-prong test set forth in *Mickens v. Taylor*:
>
>> First, the [defendant] must identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued. Second, the [defendant] must show that the alternative strategy or

> tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision . . . . Finally, the [defendant] must establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict.
>
> 240 F.3d 348, 361 (4th Cir. 2001) (en banc) (citation omitted), *aff'd without consideration of this point* 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). The requirements for establishing an actual conflict and an adverse effect on the lawyer's performance "are often intertwined, making the factual analyses of them overlap." *United States v. Tatum*, 943 F.2d 370, 375 (4th Cir. 1991). The defendant must make both showings to obtain relief. *Sullivan*, 446 U.S. at 349-50, 100 S.Ct. 1708.

*United States v. Dehlinger*, 740 F.3d 315, 322-23 (4th Cir. 2014).

Mr. Holt reports that his prior counsel was indicted in September 2019 for, among other things, money laundering. He asserts that "dread over his own criminal conduct caused [counsel] to abandon his professional responsibilities." (ECF No. 240, at 6). He states that, as a long-term client, he is "personally aware of large cash payments made" to counsel. (*Id.*, at 6-7). He conclusorily asserts that counsel guided him into a plea "to prevent evidence of [counsel's] nefarious conduct from rearing its ugly head." (*Id.*, at 7). He then repeats that counsel failed to present any mitigation argument at sentencing, failed to note an appeal, and gave erroneous advice as to a § 2255 motion, all of

10

which was recited in his first amended motion to vacate. He says it was in counsel's interest that Mr. Holt be incapacitated and not available as a government witness.

The proposed claims in the Motion to File Supplemental Information are futile because they fail to state viable claims. The fact of prior counsel's later indictment does not, *ipso facto*, establish a conflict of interest in representing Mr. Holt. And, Mr. Holt has failed to allege that any decision to forego an alternative strategy was linked to the perceived conflict. Moreover, Mr. Holt's statement that he was personally aware of large cash payments made to his attorney suggests amendment would be untimely. If his allegation is true, Mr. Holt has been on notice to the alleged misconduct since his original conviction, and did not first learn of it upon his counsel's indictment. The "discovery" rule likely does not apply here.

As discussed above, Mr. Holt's first set of proposed claims in no way "amend" the claims asserted initially. They are new claims and essentially seek to file a second or successive motion, which can only happen if the Fourth Circuit authorizes it. He fails to state his second set of proposed claims as a matter of law, and they likely are untimely as well. The motions for leave to amend, (ECF Nos. 236; 240), will be denied. The subsidiary motions, (ECF Nos. 259; 276; 277), are denied as moot.

**C. Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks and citation omitted).

Petitioner does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

## III. Conclusion

For the forgoing reasons, Mr. Holt's Motion for Leave to File an Amended Motion to Vacate, Motion for Leave to File Supplemental Information, Motion for Appointment of Counsel, and Motions for Expedited Review will be denied. In addition, a certificate of appealability will be denied. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
